## West, by et al  v. Joseph Walton & Company.

(Decided October 24, 1911.)

### Appeal from Jefferson Circuit Court
### (Common Pleas Branch, First. Division).

Personal Injury—Action for Damages—Instructions.—Where a child
was hurt by being struck with a shovel of coal by appellee's
driver in unloading coal on its father's premises, an instruction
that it was the duty of defendant's driver delivering coal to ex-
ercise ordinary care to discover plaintiff's peril, was erroneous,
there being no evidence to show that he discovered the peril of the
child. It was not the driver's duty to keep a lookout, but his
duty to avoid injuring any one whose presence he discovered.

POPHAM, TRUSTY & ROOSE for appellant.

GIBSON, MARSHALL & GIBSON for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

In April, 1902, the father of appellant purchased a
load of coal from appellee, to be delivered at his house.
Appellee sent a colored man, one of its drivers, to the
coal to the premises of appellant's father. The driver
was told to back his wagon up to the fence, to the side and
rather to the back of the house and to throw the coal into
a vacant space four or five feet wide which extended from
the front of the lot along between the fence and house to a
toilet room back of the house. The driver did as he was
told and appellant's brother shoveled the coal into a shed.
During the progress of this work, appellant, who was then
seven or eight years of age, and her sister, who was about
three years older, undertook to go along this space be-
tween the house and fence to the back of the
premises. The older girl passed over the coal
while the driver was talking to a colored wo-
man who was standing by his wagon, but he ceased
this conversation, lifted a shovel of coal and threw
it over the fence at the moment the appellee reached the
top of the pile of coal, and struck her in the face, knocked
her down and bruised her considerably. Either the
shovel or a piece of coal struck her on the lip and cut it.
    She, by her next friend, brought this action in Febru-
ary, 1909, alleging negligence on the part of appellee's
driver. Upon the first trial, the court gave the following
instruction:

"It was the duty of defendant's agent to exercise ordinary care to avoid injuring the plaintiff after he saw, or might have discovered by the exercise of ordinary care that the plaintiff was in peril."

The court also gave other instructions, which were proper, of like import, and the jury returned a verdict in favor of the appellee for $500.00, but, upon motion, the court set the verdict aside and assigned the following reasons therefor:

"The jury was instructed that it was the duty of the defendant's driver delivering the coal to exercise ordinary care to discover plaintiff's peril.

"The driver was throwing coal over a fence into the yard of plaintiff's parents. It was then being shoveled by plaintiff's brother into the coal shed. Plaintiff put herself in a position of peril. Clearly the driver did not discover this, for he hit her with the shovel full of coal. Was he negligent in not discovering her peril?

Negligence is a breach of duty. Duty arises from the circumstances in which persons stand to one another. The driver was doing a lawful act in the performance of his master's conduct with the owner of the premises, with the knowledge and co-operation of the agent of that owner, plaintiff's brother. His duty to others was measured by the circumstances and by his own knowledge. There was nothing to charge him with notice that someone might pass where he was throwing the coal; it was not his duty, consequently, to keep a lookout; it was his duty merely to avoid injuring anyone whose presence he discovered.

There was no evidence even tending to show that he discovered plaintiff's peril. The instruction was erroneous."

The case was again tried and exactly the same evidence was introduced by appellant as on the former trial, and, upon motion of appellee, the court gave a peremptory instruction in its behalf. Appellant seeks a reversal of this judgment and to have the former judgment reinstated. The reasons given by the lower court when it set aside the verdict for $500.00, state succinctly the law of this case. There was no evidence showing that appellee's driver had any knowledge that this passway was used by members of the family in going to and from the toilet room or for any other purpose. He was throwing the coal where he had been directed to throw it by the

owner or those in charge of the premises. The facts proved do not show a state of case where the driver was required to keep a lookout. The only duty required of him was to use ordinary care to not injure those he discovered in peril.

For these reasons, the judgment of the lower court is affirmed.